DAVID K. McCARTHY and Others, Respondents, v. FREDERICK P. OCKERMAN, Appellant.

*Replevin — property replevied by a sheriff cannot be replevied from him — sufficiency of the description of the property in the affidavit.*

Where property is in the possession of a sheriff under a writ of replevin no person can take it from him by similar process.

An affidavit in an action of replevin stated that the plaintiff was the owner and was entitled to the possession of "all the dry goods, notions, carpets, wall paper, crockery, boots and shoes, groceries, fixtures, safe and the personal property and effects of Parsons & Beach, in the Birdsall Block in the said village of Whitney's Point;" and that they were wrongfully detained from him. There was indorsed upon the affidavit a direction to the sheriff "to replevy the chattels described in the within affidavit."

*Held,* that the requisition upon the sheriff to replevy was sufficient;

That the sheriff would be protected in taking under it any property contained in the Birdsall Block which was formerly owned by Parsons & Beach, and which was then held and claimed by them, or which was held by any person for them;

That, under the affidavit, the sheriff could easily and effectually identify each article which he was to take.

APPEAL by the defendant, Frederick P. Ockerman, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Broome on the 27th day of May, 1895, upon the decision of the court rendered after a trial at the Broome Circuit before the court and a jury. On the trial each party asked that a verdict be directed in his favor, and the court dismissed the jury and adjourned the case to his chambers for argument.

This was an action in replevin brought against the defendant, the sheriff of the county of Broome, to recover certain chattels replevied by the defendant as such sheriff.

*Perkins & Parsons,* for the appellant.

*Wilson & Wells,* for the respondents.

PARKER, J.:

Manifestly the plaintiffs in this action stand in the position of a third party claiming goods that the defendant claims to hold under replevin process issued to him as sheriff of Broome county. And

within the provisions of sections 1709 and 1710 of the Code of Civil Procedure, this action cannot be maintained against the defendant if his claim in that respect is correct.

The plaintiffs, however, insist that the requisition issued to the defendant does not authorize him to take the goods in question, and that it is utterly invalid for want of a sufficient description of the property in the affidavit upon which it was issued. The affidavit states that the plaintiff in that action, William Beach, is the owner and entitled to the possession of "all the dry goods, notions, carpets, wall paper, crockery, boots and shoes, groceries, fixtures, safe, and the personal property and effects of Parsons & Beach in the Birdsall Block, in the said village of Whitney's Point," etc., and no more specific description of property is given therein.

Upon such affidavit is indorsed a direction to the sheriff, Ockerman, the defendant in this action, " to replevy the chattels described in the within affidavit." The action brought by Beach, and in which such requisition was issued, is brought against one member of the firm of Parsons & Beach and the Seymours, who then claimed to hold the property for the firm. Beach's right to the property is based upon a bill of sale thereof, claimed to have been executed by the firm to himself, and the parties against whom the requisition issued are parties claiming to represent the firm, and to hold the goods for it.

The plaintiffs in this action contend that in the process in question the only property described or directed to be taken is the property of " Parsons & Beach," and that inasmuch as the property in question did not belong to " Parsons & Beach," it is not described, and is not included within the requisition. It is not to be supposed that William Beach, by the use of the phrase "goods, etc., of Parsons & Beach," intended to describe the property which he sought to replevy, as being then owned by Parsons & Beach. A few sentences before this phrase occurs, he had sworn that such property was owned by himself, and that he was entitled to the possession thereof, and a few sentences thereafter he swears that such property was wrongfully detained from him by or on behalf of such firm. Read in such connection the fair interpretation of such affidavit is, that by the phrase, the goods, etc., of " Parsons & Beach " was meant the property generally known as theirs, and that the property really

intended to be described was all the property then in the building known as the Birdsall Block, at Whitney's Point, which recently belonged to such firm, and which they still claim to own and hold.

Being so construed, we do not think that the requisition issued upon such affidavit was invalid.

As against the firm of Parsons & Beach, or those claiming to hold for them, the sheriff would be protected in taking any property in the Birdsall Block, so formerly owned and then held and claimed by them. No trouble need arise as to his identifying the property intended. All property answering to that description was to be taken, and if a dispute arose over any particular article, the question to be determined was simply whether it had formed part of their stock, and was still held and claimed by such firm. That was a fact which could be easily ascertained, and thus the means were at hand by which the sheriff could easily and effectually identify each article he was to take. There does not seem to be any reason, therefore, for holding the description insufficient, or the requisition invalid.

Although the plaintiffs in this action had, prior to the issuing of such writ, notified Parsons & Beach that they had rescinded the sale to them of the goods in question in this action, and had demanded from them a return thereof, nevertheless there had not as yet been any change of possession.

The sheriff found such goods, when he executed the writ in question in the Birdsall Block, in the possession of Parsons & Beach, and claimed by them to be a part of their stock, and there is no dispute but that they had been part of such stock intermediate the sale to them and its rescission by these plaintiffs.

Nor is there any doubt but that the sheriff, the defendant in this action, took them upon such requisition, as part of the stock of Parsons & Beach, and made no claim to hold them, except by reason of such requisition. It is substantially so found in the ninth finding of fact, and so the evidence discloses.

As against Parsons & Beach the sheriff had the right so to take them, and because of such right they come within the provisions of sections 1709 and 1710 of the Code of Civil Procedure.

They had been replevied by the sheriff, and hence no action to replevy them from him can be maintained.

For this reason the judgment in the court below should be reversed, and a new trial granted, with costs to abide the event.

All concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.